### John Taylor *v.* The State.

1. Recognizance on Appeals in Misdemeanors.—Unless a recognizance for an appeal complies substantially with the form prescribed by the act of April 27, 1871 (Pasc. Dig., Art. 6599), no jurisdiction is conferred on this court, and the appeal will be dismissed.

2. Same.—A recognizance was fatally defective which was conditioned that the appellant should "continue from day to day, and from term to term, until his said appeal has been decided by said court of appeals; then to be null and void," etc.

Appeal from the County Court of Montgomery. Tried below before the Hon. J. M. Lewis, County Judge.

The case is stated in the opinion. The charge was an assault and battery.

*N. Hart Davis*, for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

White, J. The motion of the assistant attorney general

in this case must be sustained. A recognizance which does not substantially conform to the statutory requirements, as set out in the form provided by statute (2 Pasc. Dig., Arts. 6599, 6600), will not confer jurisdiction upon this court to hear and determine any cause bailable on appeal.

The recognizance, instead of being conditioned as prescribed—that the cognizor will appear before the proper court at the proper time, and there remain, etc., "to abide the judgment of the court of appeals of the state of Texas"—is conditioned that he "shall continue from day to day, and term to term, until his said appeal has been decided by said court of appeals; then, in that case, it ˉshall be null and void; otherwise, shall remain in full force and effect."

In other words, the party binds himself to appear as long as his appeal is undecided, but as soon as it is decided, no matter how, and at the very time, perhaps, when his attendance will be most needed in the lower court, he obligates himself that he shall not be bound to appear.

The appeal is dismissed for the want of a sufficient recognizance.

*Dismissed.*